IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00963-BNB

DALE GROSS,

    Plaintiff,

v.

LESLEE WAGGENER,
PETER BRIGGS,
DANA MADRID,
SARA PHELPS,
LOUIS ZORN, and
JENNIFER COUILLO,

    Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 8 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Dale Gross, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Gross has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He asks for money damages and for the following injunctive relief:

> I want the State of Colorado to be ordered to cease and desist any and all supervision, parole, [Sex Offender Treatment Program], or any scheme where my failure or perceived failure to act or action taken (e.g. contacting government officials such as Governor or [Colorado Department of Regulatory Agencies]) may result in or give the state cause to further punish, restrict or confine me.

Complaint at 8.

Mr. Gross has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe the complaint liberally because Mr. Gross is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed.

Mr. Gross is suing a member of the Colorado parole board, a therapist in the DOC's sex offender treatment program, and four parole officers for their involvement in the revocation of his parole. Mr. Gross may not recover money damages for his claims concerning the revocation of his parole because those claims challenge the validity of his parole revocation and, therefore, his continuing confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Gross's claims for money damages amount to a collateral attack on the revocation of his parole and subsequent incarceration. *Heck* does not permit this. Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus. ***Edwards v. Balisok***, 520 U.S. 641 (1997), **see also *Butterfield***, 120 F.3d at 1024 & n.1. Mr. Gross does not allege, and nothing in the Court's file indicates, that he has invalidated the revocation of his parole through a writ of habeas corpus.

Mr. Gross also may not obtain injunctive relief for his claims concerning the revocation of his parole because, as previously stated, those claims challenge the validity of his parole revocation and, therefore, his continuing confinement. **See *Wilkinson v. Dotson***, 544 U.S. 74, 81-82 (2005) ("a state prisoner's [42 U.S.C.] § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Therefore, Mr. Gross's claims for money damages and injunctive relief based upon the revocation of his parole are barred by *Heck*, and will be dismissed. The dismissal will be without prejudice. **See *Fottler v. United States***, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint is dismissed without prejudice pursuant to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 18 day of May, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00963-BNB

Dale Gross
Prisoner No. 104225
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/18/09

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk